UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Joan Doe, as Mother and Natural Guardian
of JENNIFER DOE, an infant under the
age of eighteen ,

     v.                                               3:05-CV-1106

Chenango Valley Central School District, and
Laidlaw Transit, Inc.,

                               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Young & Young<br>22 Riverside Ave.<br>Binghamton NY 13906<br>*Attorneys for Plaintiff* | Mark Young, Esq. |
| Office of Frank W. Miller<br>6296 Fly Road<br>East Syracuse, NY 13057<br>*Attorneys for Defendant Chenango*<br> *Valley Central School District* | Frank Miller, Esq. |
| Smith, Sovik Law Firm<br>250 South Clinton Street<br>Suite 600<br>Syracuse, NY 13202-1252<br>*Attorneys for Defendant Laidlaw* | Steven W. Williams, Esq. |

**ORDER**

Plaintiff commenced the instant action in August 2005. On October 26, 2005, Defendant Laidlaw moved for summary judgment. Plaintiff failed to timely file opposition papers. In fact, Plaintiff did not file any papers until December 9, 2005, long after the time for filing opposition papers had expired. Plaintiff did not have leave to file late papers, Plaintiff

did not move for leave to file late papers, and Plaintiff has otherwise failed to demonstrate the excusable neglect necessary to permit such a late filing at this time.[1]  See Fed. R. Civ. P. 6(b); see also Silivanch, 333 F.3d 355 at 366-67; Canfield, 127 F.3d at 250-51. Accordingly, Plaintiff's papers filed on December 9, 2005 are not properly before the Court and will not be considered.

The Court further notes Defendant filed the instant motion on October 26, 2005. On November 30, 2005, the Court issued a notice placing this matter on for oral argument for December 12, 2005.  See Nov. 30, 2005 docket entry.  Local Rule 7.1(h) provides as follows: "On all motions made to a district court judge . . . the parties shall appear for oral argument on the scheduled return date of the motion. . . ."  Plaintiff failed to appear for oral argument on the scheduled return date of the motion (December 12, 2005) without any notice to the Court or without being excused therefrom.[2]

Even if the Court were to consider Plaintiff's submissions, summary judgment was properly entered in favor of Defendant Laidlaw for the reasons stated from the bench on December 12, 2005 and for the following additional reasons.

---

[1] Based on a telephone conversation between Chambers and Plaintiff's counsel, counsel contends that he did not timely file opposition papers because the opposition due date did not print out when he printed out the docket. Regardless of any such computer glitch, Defendant's moving papers properly advised Plaintiff of the December 12, 2005 return date, the date opposition papers were due were clearly and correctly indicated on the Court's CM/ECF system and docket sheet, a copy of the docket entry (together with the date opposition papers were due) were electronically mailed to Plaintiff's counsel, and the local rules of this Court plainly provide that "[o]pposing papers must be filed with the Court and served upon the other parties not less than **SEVENTEEN DAYS** prior to the return date of the motion." N.D.N.Y.L.R. 7.1(b)(1). In light of the foregoing, the failure to timely file opposition papers does not constitute excusable neglect. Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366-67 (2d Cir. 2003), cert. denied, 540 U.S. 1105 (2004); Canfield v. Van Atta Buick/GMC Truck Inc., 127 F.3d 248, 250-51 (2d Cir. 1997).

[2] On December 8, 2005, Plaintiff filed a request seeking to adjourn the motion to January 9, 2006. The stipulation purported to comply with the Court's standing order on extensions of time. However, Plaintiff failed to comply with the standing order. Specifically, the stipulation was not filed before the time opposition papers were due. Accordingly, the request was promptly denied on December 8.

First, contrary to Plaintiff's contention, this Court does have subject matter jurisdiction. Although Plaintiff contends that there is not complete diversity, Plaintiff forgets that she has sued pursuant to 42 U.S.C. § 1983, thereby invoking the Court's federal question jurisdiction.

Second, Defendant's motion for summary judgment was properly made. Although this case is in its infancy, Rule 56 expressly permits such a motion "at any time after the expiration of 20 days from the commencement of the action."

Third, Plaintiff failed to demonstrate that a ruling on Defendant's motion is otherwise premature. "To request discovery under Rule 56(f), a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." Gualandi v. Adams, 385 F.3d 236, 244-45 (2d Cir. 2004) (citing Hudson River Sloop Clearwater, Inc. v. Dep't of the Navy, 891 F.2d 414, 422 (2d Cir. 1989)). Plaintiff's affidavit falls short of fulfilling this requirement.

This case has been pending since August 2005, when it was first filed in state court. The matter was removed to this Court in September 2005. Although it appears that the Defendant Chenango Valley Central School District has served discovery demands, there is no evidence in the record that Plaintiff has done so. Plaintiff does contend that she unsuccessfully attempted to conduct pre-suit discovery. Plaintiff fails to explain, however, why she has not pursued discovery since the suit was filed more than four months ago. When faced with defense counsel's September 9, 2005 letter: (1) stating that Setzer was not employed by Laidlaw at any time after his conviction for endangering the welfare of a child;

(2) stating that Laidlaw was never contacted by the Chenango Valley Central School District concerning Setzer; (3) stating that Setezer did not list Laidlaw as a prior employer during the time period of 1981-2003; (4) stating that Setzer did not list Laidlaw as a reference; (5) providing Plaintiff with a copy of Setzer's employment application; and (6) further indicating that Defendant Laidlaw intended to move to dismiss the claims against it and seek sanctions, Plaintiff certainly should have had incentive to conduct discovery on the issue. However, there is no indication before the Court that Plaintiff attempted to do so. Accordingly, even if the Court were to consider Plaintiff's untimely papers, Plaintiff has not demonstrated entitlement to relief under Rule 56(f). Plaintiff has failed to indicate what facts are sought and how they are to be obtained or how these facts are reasonably expected to raise a genuine issue of material fact.

Fourth, Plaintiff has submitted no evidence, admissible in form, that would warrant denying Defendant Laidlaw's motion for summary judgment.

Even if the Court were to find that Defendant's motion was premature, it would still be entitled to dismissal as a matter of law. In New York:

> The common law imposes no duty to control the conduct of another or to warn those endangered by such conduct, in the absence of a special relationship between either the person who threatens harmful conduct or the foreseeable victim (Pulka v Edelman, 40 N.Y.2d 781, 782-783 (1976), rearg denied 41 NY2d 901). The mere recommendation of a person for potential employment is not a proper basis for asserting a claim of negligence where another party is responsible for the actual hiring (Bell v Perrino, 112 A.D.2d 124 (2d Dep't 1985), lv denied, 66 N.Y.2d 604, 895).

Cohen v. Wales, 133 A.D.2d 94 (2d Dep't 1987); see also P.T. v. Children's Village, 793 N.Y.S.2d 65, 66, 16 A.D.3d 645, 646(2d Dep't 2005); Jonathan A. v. Board of Educ. of City of New York, 779 N.Y.S.2d 3, 6, 8 A.D.3d 80, 81 (1st Dep't 2004); Koran I. v. New York City

of Bd. of Educ., 683 N.Y.S.2d 228, 230, 256 A.D.2d 189, 191 (1st Dep't 1998); Estevez-Yalcin v. Children's Village, 331 F.Supp.2d 170, 178 (S.D.N.Y. Aug 11, 2004); Jurgens v. Poling Transp. Corp., 113 F.Supp.2d 388, 398 (E.D.N.Y. Sep 19, 2000); Gilbert v. St. John's University, 1998 WL 19971, *6 (E.D.N.Y. Jan 20, 1998).

In this case, Plaintiff alleges that Laidlaw had a duty to disclose Setzer's history, but failed to do so. Based on the above-cited cases, Laidlaw owed no duty of care to Plaintiff.

For Plaintiff's benefit, the Court will restate the following concerning the motion for sanctions. Pursuant to Rule 11(c)(1)(A), "[a] motion for sanctions under this rule shall be made separately from other motions. . . "  Here, Defendant's motion for sanctions was included in its motion for summary judgment and, therefore, is not properly before the Court. Accordingly, the motion is denied.

However, pursuant to Rule 11(c)(1)(b), the Court may raise the issue of sanctions on its own initiative. Rule 11(b)(2) requires that "the claims, defenses, and other legal contentions [in papers filed with the Court be] . . .  warranted by existing law or by a non-frivolous argument for the extension, modifications, or reversal of existing law or the establishment of new law. Rule 11(b)(3) requires that "the allegations and other factual contentions [in papers filed with the Court] have evidentiary support or . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

Plaintiff alleged in her Complaint that, prior to working for the CVCSD, Setzer was employed by Laidlaw, Compl. at ¶ 82, that Setzer was terminated for having inappropriate contact with minors on a school bus, Compl. at ¶ 83, Setzer submitted an employment application listing Laidlaw as a reference, Compl. at ¶ 84, and Laidlaw had a duty to disclose the reasons why he was terminated. Compl. at ¶¶ 85-89. There does not appear to be any

evidentiary support for these factual contentions. Similarly it does not appear that Plaintiff's legal claims of fraud, negligent misrepresentation, or a violation of her constitutional rights by Laidlaw, are warranted by existing law. In fact, it appears that counsel for Plaintiff was directly confronted with evidence that Setzer had not worked for Laidlaw since at least 1986 and that Setzer did not list Laidlaw as a reference on his employment application with the CVCSD. Moreover, it appears Plaintiff's counsel knew, or reasonably should have known, that Setzer was not employed by Laidlaw at the time of the incident with Plaintiff and did not have reason to believe that Laidlaw was acting under color of state law with respect to any matters at issue in this case. Notwithstanding this evidence, Plaintiff has not sought to withdraw the claims against Laidlaw or otherwise amend her pleadings to correct any erroneous factual contentions and/or legal theories. The Court, therefore, has reason to believe that Plaintiff's counsel may have violated Rule 11(b). Accordingly, Plaintiff's counsel, Mark Young, is ordered to show cause by affidavit on or before December 23, 2005 why he should not be sanctioned for violating Rule 11(b).

Moreover, Laidlaw filed the instant motion on October 26, 2005. The motion was properly noticed for this Court's December 12, 2005 motion calendar in Albany, New York. The Court's docket entry correctly indicates that responsive papers were due on or before November 25, 2005. Plaintiff failed to submit any papers by this date. In fact, Plaintiff failed to submit any responsive papers until December 9, 2005. Pursuant to Northern District of New York Local Rule 7.1(b)(3), "[a]ny party who does not intend to oppose a motion . . . shall promptly notify the Court and the other parties of such intention. Notice should be provided at the earliest practicable date, but in any event, no less than **FOURTEEN CALENDAR**

**DAYS** prior to the scheduled return date of the motion, unless for good cause shown. **Failure to comply with this Rule may result in the Court imposing sanctions**."

As noted, Plaintiff failed to submit any papers in response to Laidlaw's motion and, therefore, appears to have violated this Rule. Accordingly, Plaintiff's counsel shall show cause by affidavit on or before December 23, 2005 why he should not be sanctioned for violating Local Rule 7.1(b)(3).

Finally, Rule 7.1 requires that attorneys appear for oral argument on the scheduled return date of the motion. Plaintiff's counsel failed to appear. Local Rule 7.1(I) and 1.1(d) permit the Court to impose sanctions for failure to comply with the local rules. Accordingly, Plaintiff's counsel shall show cause by affidavit on or before December 23, 2005 why he should not be sanctioned for violating Local Rule 7.1(h).

**CONCLUSION**

For the reasons stated from the bench on December 12, 2005 and for the foregoing reasons, Defendant's motion for summary judgment is GRANTED IN ITS ENTIRETY and the Complaint against Defendant Laidlaw is DISMISSED IN ITS ENTIRETY. Laidlaw's motion for sanctions is DENIED. Based on the timely filing by Defendant CVCSD wherein it agreed to discontinue its cross-claims against Laidlaw, Defendant CVCSD's cross-claims against Laidlaw are DISMISSED.

It is further ordered that Attorney Mark Young shall show cause by affidavit on or before December 23, 2005 why he should not be sanctioned for violating Fed. R. Civ. P. 11(b), N.D.N.Y. 7.1(b)(3), and/or N.D.N.Y. 7.1(h).

**IT IS SO ORDERED**.

Dated: December 14, 2005

Thomas J. McAvoy
Senior, U.S. District Judge