UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Joan Doe, as Mother and Natural Guardian
of JENNIFER DOE, an infant under the
age of eighteen ,

   v.            3:05-CV-1106

Chenango Valley Central School District, and
Laidlaw Transit, Inc.,

         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Young & Young<br>22 Riverside Ave.<br>Binghamton NY 13906<br>*Attorneys for Plaintiff* | Mark Young, Esq. |
| Office of Frank W. Miller<br>6296 Fly Road<br>East Syracuse, NY 13057<br>*Attorneys for Defendant Chenango*<br> *Valley Central School District* | Frank Miller, Esq. |
| Smith, Sovik Law Firm<br>250 South Clinton Street<br>Suite 600<br>Syracuse, NY 13202-1252<br>*Attorneys for Defendant Laidlaw* | Steven W. Williams, Esq. |

**ORDER**

  By Order dated December 14, 2005, Plaintiff's counsel, Attorney Mark Young, was ordered to show cause why he should not be sanctioned for violating Fed. R. Civ. P. 11(b), N.D.N.Y. 7.1(b)(3), and/or N.D.N.Y. 7.1(h).  Attorney Young has filed a timely response.

  The Court notes that it is a close call whether sanctions should be imposed pursuant to Rule 11(b).  The information substantiating any involvement by Laidlaw appears

to be thin at best. Given, however, that Plaintiff had some reason to believe Setzer worked for Laidlaw and that Defendant refused to provide, and opposed efforts to obtain, pre-trial discovery, it cannot be said that Plaintiff acted in bad faith. In re Pennie & Edmonds LLP, 323 F.3d 86 (2d Cir. 2003). As noted in the Court's summary judgment decision, the legal basis of any claim against Laidlaw also is reed thin, but, again, the Court does not find that Plaintiff acted in bad faith.

With respect to sanctions pursuant to N.D.N.Y.L.R. 7.1(b)(3) and 7.1(h), Attorney Young contends that his failure to file timely opposition papers and to appear for oral argument was the result of computer glitches and law office failure. If Attorney Young's problems were limited to computer glitches, the Court would be disinclined to impose sanctions. However, as evidenced by his responsive affidavit, Attorney Young's failures in this case are a bit more troubling.

In his responsive affidavit, Plaintiff's counsel states that:

At approximately 9:00 a.m., on Monday, December 5, 2005, your deponent contacted the Chambers of the Hon. Thomas J. McAvoy to inform the Court of the missed deadline and to inquire how to go about remedying the defects. One of the Judge's law clerks was put on the phone with your deponent who directed your deponent to the Judge's standing orders on the Northern District of New York's web site. The law clerk stated that there should be no problem that if we filled out the requisite stipulation, had the parties execute it and submit the same electronically, that the requests are always granted one time for a missed responding deadline.

Young Aff. at ¶ 26.

These assertions raise several problems. First, counsel did not telephone Chambers, but telephoned the Clerk's office. Second, counsel did not speak with a law clerk, but spoke with a member of the Clerk's office. Third, although it is very likely that the

Clerk's office would have referred counsel to the Court's <u>Standing Order On Extensions of Time to File Papers in Connection with Motions</u> ("Standing Order") located on the Northern District of New York website, <u>see</u> http://www.nynd.uscourts.gov/pdf/standorder/tjm.pdf, and stated that a party <u>can</u> get up to one extension of time if they comply with the standing order, it is very <u>unlikely</u> that the Clerk's office would have advised counsel that "there should be no problem" or that "requests are always granted one time for a missed responding deadline."

The reasons this is unlikely are that: (1) the Clerk's office has been instructed not to provide any information to parties concerning the likely outcome of a pending motion, including matters submitted pursuant to the Standing Order; (2) the Clerk's office does not have authority to grant extensions, regardless of the reason; (3) the Clerk's office has denied providing any such information to Attorney Young; (4) it is the Clerk's office's practice to refer requests for extensions of time, including requests submitted in accordance with the Standing Order, to Chambers for review and approval or denial; (5) the Standing Order itself does not provide for the automatic granting of a request for an extension of time; and (6) Attorney Young could not have complied with the Standing Order because, as he was well aware, the stipulation was not filed before the time opposition papers were originally due, as is required by ¶ 3 of the Standing Order. The fact that Attorney Young was aware of this latter fact is evidenced by the fact that he specifically omitted ¶ 3 of the Court's "Stipulation Requesting Order for Extension of Time" form, which requires the parties to state that "[t]his stipulation is being filed on or before the date [opposition papers are currently due]."

Moreover, regardless of any information provided by the Clerk's Office, Attorney Young did not have a justifiable basis for failing to appear for oral argument. The Court's Standing Order is quite clear in that "a motion **may** be adjourned" (emphasis added) subject

to the parties' complying with certain requirements.  One of these requirements is that the parties submit a stipulation requesting an order for an extension of time "[o]n or before the time papers in opposition to the motion are **originally** due." (emphasis in original).  The Standing Order clearly states that "[f]ailure to comply with any of the foregoing [requirements] will result in a denial of the extension of time."[1]

Because Attorney Young filed the stipulation after the time opposition papers were originally due, he should have been aware that he was unable to comply with the standing order and that his request would be denied.  Unable to meet the terms of the standing order, Attorney Young should not have sought to circumvent the Standing Order by omitting critical information from the stipulation, but should have filed a motion pursuant to Fed. R. Civ. P. 6(b)(2).

In accordance with the terms of the Standing Order, the Court promptly denied Attorney Young's request for an extension of time.  Attorney Young filed the stipulation seeking the extension of time at 10:25 a.m. on December 8, 2005.[2]  The Court reviewed the stipulation and promptly denied it less than one hour later.  Notice of the denial was entered on the CM/ECF system and dispatched to Attorney Young via electronic mail on 11:12 a.m. on December 8, 2005.

---

[1] As Attorney Young admits in his affidavit, he was properly advised by the undersigned's law clerk that "the request for an extension was denied because [plaintiff's] responding papers were already late. . . ." Young Aff. at ¶ 34.

[2] In his affidavit, Attorney Young states that "[y]our deponent's staff filed the Stipulation late in the date on December 8, 2005 and did file the responding papers early in the morning of December 9, 2005." This is not true.  The CM/ECF system indicates that the Stipulation was filed on the CM/ECF system at 10:25 a.m. EST and notice of the denial was sent at 11:12 a.m.

- 4 -

In light of the plain terms of the standing order providing both that a request "may" be granted and that a request submitted after the date opposition papers were due would be denied and the Court's prompt denial of the request for an extension of time, Attorney Young should not have assumed that his request would have been granted (which it was not) and, thus, failed to appear for oral argument on December 12, 2005.  If Attorney Young knew that his computer system was down, then he should have made efforts to log on to the CM/ECF system by other means to check the status of his request.[3]  As Attorney Young should be aware, the Court's CM/ECF system can be accessed from any computer that has Internet access.  In this day and age, it is not difficult to find such a computer.  If Attorney Young simply did not check his e-mail, see Young Aff. at ¶ 29, then he has nobody but himself to blame for failing to receive notice concerning the denial of his motion for an extension of time.  Attorney Young's failure to check his e-mail is no different than an attorney neglecting to open the mail on his desk.  See N.Y.N.D. Gen. Ord. 22, § 5.2 ("If the recipient is a Filing User, the System's e-mailing of the 'Notice of Electronic Filing' shall be the equivalent of service of the pleading or other paper by first class mail, postage prepaid.").

In any event, it is clear that Attorney Young (or someone on his behalf) did access the Court's CM/ECF system on December 9, 2005.  Attorney Young filed papers in opposition to the motion for summary judgment on December 9, 2005 (thereby suggesting that he was able to use a computer with access to the Internet and the Court's CM/ECF system).  Once on the CM/ECF system, Attorney Young (or his staff) should have seen the

---

[3] Pursuant to N.D.N.Y. Gen. Order 22, § 10.2, "[p]roblems with the Filing User's system, such as phone line problems, problems with the Filing User's Internet Service Provider ("ISP"), or hardware or software problems, will not constitute a technical failure under these Administrative Procedures nor excuse an untimely filing."

Order denying his request for an extension of time that was docketed a day earlier. Because the denial of the request appeared on the docket, Attorney Young had constructive notice thereof. See Guido v. Allegiance Healthcare Corp., 2004 WL 2609414 at *3 (S.D.N.Y. 2003).

In conclusion, the Court declines to impose sanctions pursuant to Rule 11. In light of Attorney Young's explanation that he improperly docketed the date opposition papers were due and that he experienced computer failure, the Court declines to impose sanctions pursuant to N.D.N.Y.L.R. 7.1(b)(3).[4] However, in light of: (1) the November 30, 2005 docket entry placing this matter on for oral argument on December 12, 2005; (2) Counsel's misstatements concerning information obtained from the Clerk's office, (3) Attorney Young's improper preparation of the stipulation requesting an order for an extension of time and failure to comply with the requirement that it be filed on or before the date opposition papers were originally due; (4) the misstatement concerning when the stipulation was filed; (5) Attorney Young's failure to be aware that he was unable to comply with the standing order; (6) his failure to remain aware of the docket in this matter; and (7) his failure to be aware that

---

[4] The Court notes that it would be quite easy to find a violation of N.D.N.Y.L.R. 7.1(b)(3) notwithstanding the alleged computer failures. Attorney Young admits that he received Defendant's motion papers on October 26, 2005 via the Court's CM/ECF system. Young Aff. at ¶ 24. Even assuming, as Attorney Young claims, that "when printing out the papers, the initial page was not complete and the time for responding papers and such was left off of the first page of the filing," both the Court's docket entry on the CM/ECF system and Defendant's moving papers clearly state that the motion was returnable on December 12, 2005. The Court's docket system further indicates that opposition papers were due by November 25, 2005. If Attorney Young's computer did not print out properly, then he should have obtained another copy or otherwise checked the CM/ECF system for additional information.

In any event, Attorney Young knew the date the motion was filed. Based on that information alone, it was easy to calculate the date by which opposition papers were due. Pursuant to N.D.N.Y.L.R. 7.1, motions "shall be made returnable at the **next regularly scheduled motion date at least thirty-one days from the date the motion is filed and served.**" The parties were advised of the Court's regularly scheduled motion dates. See Dkt. No. 2. Based on this information, Attorney Young could have calculated that the motion had to be returnable on the Court's December 12, 2005 motion calendar. Pursuant to N.D.N.Y.L.R. 7.1.(b)(1), opposition papers must be filed "not less than **SEVENTEEN DAYS** prior to the return date of the motion." Thus, Attorney Young should have calculated that his opposition papers were due on or before November 25, 2005.

his request for an extension of time had been denied, the Court finds that Attorney Young did not have adequate justification for failing to appear for oral argument on December 12, 2005. Accordingly, the Court imposes a sanction of $200.00 for a violation of N.D.N.Y.L.R. 7.1(h).

Attorney Young shall pay the sanction by check made payable to the Clerk of the Court within thirty days of the date of this Order.

**IT IS SO ORDERED**.

Dated: December 28,2005

Thomas J. McAvoy
Senior, U.S. District Judge